NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT



ERIC D. COLEMAN,                    )
                                    )
            Appellant,              )
                                    )
v.                                  )        Case No. 2D16-3084
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____    )

Opinion filed May 5, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Gregory P.
Holder, Judge.



KHOUZAM, Judge.


        Eric D. Coleman appeals the orders denying his motions to correct illegal

sentence filed under Florida Rule of Criminal Procedure 3.800(a).  Coleman filed

motions to correct illegal sentence on June 27, 2014, and March 14, 2016.  The

postconviction court rendered separate orders denying Coleman's motions on June 7,

2016.  Coleman filed a motion for rehearing, which only challenged the denial of his

motion filed in March 2016, on June 16, 2016.  The rehearing motion did not challenge

the order denying his motion filed in June 2014. The postconviction court rendered an order denying the motion for rehearing on June 23, 2016. Coleman filed a notice of appeal on July 11, 2016. The notice of appeal did not specify which June 7, 2016, order Coleman sought to appeal.

Coleman's notice of appeal was timely with respect to the order denying his March 2016 motion because rendition of that order was tolled by Coleman's motion for rehearing. See Fla. R. Crim. P. 3.800(b)(1)(B) (providing for motions for rehearing on orders entered on motions filed under rule 3.800(a)); Fla. R. App. P. 9.020(i) (providing that timely and authorized motions for rehearing toll rendition of final orders). We affirm that order without further comment.

However, because Coleman did not move for rehearing of the order denying his June 2014 motion, rendition was not tolled. Accordingly, his notice of appeal was untimely as to that order. We dismiss this appeal insofar as Coleman is seeking review of the order denying his June 2014 motion.

Affirmed in part; dismissed in part.


SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.